### Richter *against* Fitzsimmons.

Proceedings of the orphan's court ordering an administrator to sell real estate for the payment of debts, and the confirmation of such sale, cannot be impeached in the common pleas in an action for the purchase money of the land sold.

ERROR to the common pleas of *Union* county.

This was an action of debt by John Baskins and John App, administrators of David Fitzsimmons deceased, against Peter Richter. An order was granted to the plaintiffs by the orphan's court to sell the real estate of their intestate for the payment of debts; and they did sell it to Peter Richter, the defendant, for 1322 dollars, and took this agreement from him, upon which this suit was brought. "I do hereby acknowledge that the foregoing lot of five acres of land, more or less, was struck off to me for the sum of 1322 dollars, and I do hereby obligate myself to comply with the foregoing conditions of sale. Witness my hand and seal, the 15th of November 1832." Upon the return of the sale to the orphan's court, Peter Richter, the purchaser, filed an exception to the confirmation, that the sale was not of the whole lot. The exception was overruled, and the sale confirmed. On the trial of this cause, the defendant offered to prove that the conditions of sale embraced the whole lot of five acres;

whereas the deed now offered was for four acres and one hundred and twenty-eight perches. This evidence was objected to by the plaintiff, and the court (Lewis, president) overruled the evidence, on the ground that the evidence was the same which was made the ground of objection to the confirmation of the sale by the orphan's court, when it was decided ; and the decision of that court was conclusive. The defendant excepted.

*Lashells* and *Greenough,* for plaintiff in error.
*Donnel* and *Merrill,* for defendant in error.

The opinion of the Court was delivered by

Huston, J.—That the proceedings, decrees and judgments of a court of record, in a case of which it has jurisdiction, are, until reversed on appeal or writ of error, conclusive in all other courts when given in evidence collaterally, is a well settled principle of our law ; and we have many cases in which in ejectment a plaintiff has recovered on a title under a sheriff's sale, where the proceedings in the suit in which the sale was made were so erroneous that they would have been reversed on writ of error.

How it happened, I know not, but so it was, that although our orphan's court was always a court of record in this state, yet, where a sale was made on an order of the orphan's court, in an ejectment in the common pleas, the regularity of the proceedings in the orphan's court, in the case in which the sale was made, were examined into; and unless they were found in all respects regular, the title under such sale was invalid. The correctness of thus making an ejectment serve the purpose of a writ of error on appeal, and substituting an innocent purchaser of the land for one of the parties, was at length questioned, and many dicta, if not some direct decisions, are to be found denying it to be the law. At length the whole system of our orphan's court was revised, and numerous acts of assembly condensed into one. In the second section of this act of the 29th of March 1833, it is enacted, " the orphan's court is hereby declared to be a court of record, with all the qualities and incidents of a court of record at common law : its proceedings and decrees on all matters within its jurisdiction shall not be reversed or *avoided* collaterally in any other court ; but they shall be liable to reversal, modification, or alteration, on appeal to the supreme court, as hereinafter directed." That the orphan's court have jurisdiction of a petition by administrators to sell land of an intestate for the payment of debts, is not denied. The act just cited gives it in express terms, and very minute directions as to the mode of proceeding. Under an order of the orphan's court of Union county, the plaintiffs below made a sale of some property of their intestate to Peter Richter, and returned the report of sale. Richter opposed the confirmation of the sale in the orphan's court, on one ground alone as it would seem from the proceedings in the orphan's court, which, having been offered in evidence

[Richter v. Fitzsimmons.]

in this cause, were before us. The orphan's court overruled the objection and confirmed the sale. The administrators tendered a deed, and Richter refused to pay the purchase money, and this suit is brought to recover it. The plaintiffs gave in evidence the proceedings in the orphan's court, and proved the tender of the deed, and closed. The defendant offered evidence to show defects in form or substance in those proceedings. This was rejected; and three bills of exception were sealed. The first and third were argued here; and they only bring up this point. Can the proceedings in the orphan's court be revised here in this suit, and their decree be declared void? Independently of the act above cited, I would say they could not; but its meaning and terms explicitly forbid any examination in this case.

We have been asked to give a construction to other parts of the act, and to define what omissions or irregularities would have avoided the sale on appeal; and we have heard counsel. But why hear, why examine, in a case where the act expressly forbids us to decide? or why give an opinion, which must be extra-judicial, as the act expressly forbids our deciding it?

The court were right in rejecting the evidence.

Judgment affirmed.