Emley *versus* Drum.

36        123
24 SC    229

36      123
226     1554

In an action against a purchaser of real estate, at a sheriff's sale, the defendant cannot take advantage of irregularities in the execution under which the sale was made.

A return to an execution made in the name of the sheriff, and signed by his authorized deputy, is sufficient as a formal return to the writ.

A sheriff's sale is not within the statute of frauds, and may be proved otherwise than by the production of a formal return to the writ.

ERROR to the Common Pleas of *Luzerne county*.

This was an action of *assumpsit* by Abram Drum, late sheriff of Luzerne county, for the use of Jacob Miller, against Anthony H. Emley, to recover the amount of the defendant's bid at a sheriff's sale of the real estate of Samuel E. Hughes.

On the 4th December 1852, Jacob Miller obtained a judgment in the court below against Samuel E. Hughes for $242.50, payable in nine annual instalments. To April Term 1854, a *fieri facias* was issued on this judgment, under which Hughes's real estate was levied on and condemned; and on the 5th August 1854, the sheriff sold the land, under a *venditioni exponas*, to Anthony H. Emley, the defendant, for $250.

The purchaser not having complied with the terms of sale, an *alias venditioni* was issued, by virtue of which the premises were again exposed to sale on the 11th December 1854, and purchased by G. B. Nicholson for six dollars.

On the trial, the defendant objected to the admission in evidence of the *fieri facias* under which the land was levied on and condemned, on the ground that it was issued for a debt not then due, and that the inquisition contained a blank, not filled up, for the names of the inquest before whom it was taken. The court admitted the evidence, and the defendant excepted.

The plaintiff offered in evidence the writ of *venditioni exponas* under which the sale to the defendant was made, which was ruled out by the court because not signed by the sheriff himself, but in the sheriff's name "by H. Stark, deputy." It was shown that Stark was the sheriff's general deputy. The plaintiff then gave other evidence of the purchase of the land by the defendant.

The court below (CONYNGHAM, P. J.) instructed the jury as follows:—

"The plaintiff shows a judgment in favour of a man by the name of Miller against Hughes, on which several instalments were due at the time the *alias fieri facias* issued. This writ was levied on a lot of land in Pittston and returned 'land con-

[Emley *v.* Drum.]

demned.' The whole of this judgment does not appear to have been due, though all would have fallen due within seven years; but this irregularity cannot be advanced here as a defence, in this shape, for the present defendant, if by the evidence otherwise made liable. The original defendant, Hughes, might perhaps have objected to the execution in its then form, but it is not available in the present case to the party now making the objection.

" A *venditioni exponas* issued to August Term 1854, and this writ is, as the defendant contends, without any return; the court having sustained his views by rejecting what was then offered as a return. This writ is then to be regarded as without any formal return by the sheriff, but if a sale was made under it, for the purposes of the present case, it may be otherwise proved. Had the sheriff made return that he had sold the property to Emley, this would have made a *primâ facie* case; but not having done so, the bid or purchase and striking down the property may be proved as any other contract. By such striking down the property, the purchaser becomes liable, unless he establish a satisfactory defence. It is contended, that this fact is not proved by Mr. Harvey, and we submit the evidence to you. If you find that at the sale by the sheriff, made under this *venditioni exponas*, the property was bid off by the defendant, and it was struck down to him, the sheriff in this suit may recover the amount of the bid, with interest thereon, for the benefit of the judgment-creditors of Hughes. Whether the plaintiff has established this alleged bid and purchase and amount or price, are matters of fact for you."

To this instruction the defendant excepted; and a verdict having been rendered for the plaintiff for $303.12, the court below directed judgment to be entered thereon, upon filing a release from G. B. Nicholson and wife to the defendant, of all the interest in the land acquired by the second sheriff's sale. The defendant, thereupon, sued out this writ, and here assigned for error: 1. The admission in evidence of the *fieri facias* and inquisition: 2. The charge of the court that the sheriff's sale might be otherwise proved, than by the production of a formal return to the writ of *venditioni exponas*.

*C. Pike* and *H. B. Wright,* for the plaintiff in error.

*G. B. Nicholson,* for the defendant in error.

The opinion of the court was delivered by

READ, J.—There is nothing in the first error assigned, for the defects, if any in the inquisition, could not be taken advantage of in this action, and the *alias fi. fa.* was authorized by the judgment upon which it was issued. The defendant in that judgment

[*Emley v. Drum.*]

neither complained of it, nor objected to it, nor to the executions nor to the sales under them.

With regard to the second error assigned, we think that the court erred in saying there was no formal return to the *venditioni exponas* by the sheriff, it appearing that there was a return signed "A. Drum, sheriff, by H. Stark, deputy," and Mr. Stark having been proved to be the sheriff's general deputy; and this, under the decisions, we think to have been a sufficient signature of the sheriff: Dewar *v.* Spence, 2 *Wh.* 220; Rudy *v.* Commonwealth, 11 *Casey* 166. This was undoubtedly the practice during the whole of sheriff Drum's term, and I am informed there is a similar practice in some other of the northern counties. The return is formal, if in the name of the sheriff, and signed by his authorized deputy, whose acts in such a case are his acts. "The return," says Watson on Sheriffs, p. 67, 7 *Law Library*, "is made by the under-sheriff, in the name of the high sheriff, as the high sheriff is the person to make the return." "If the sheriff die during his year of office, the under-sheriff, before the appointment of a new sheriff, should make the return in the name of the deceased sheriff." See *Appendix* 351. If, therefore, the return objected to by the defendant had been admitted, as it should have been, the whole of the second error would have fallen to the ground. A new trial, therefore, could not benefit the defendant, as the result must of course be the same.

But it is certainly not error to say, "that if a sale is duly made for the purposes of the present case, it may be otherwise proved:" Cash *v.* Tozer, 1 *W. & S.* 527; King *v.* Gunnison, 4 *Barr* 172. It is acknowledged that if there had been a formal return by the sheriff, in his own name, it would have been at least *primâ facie* evidence of a sale and purchase by the defendant; and this shows that a judicial sale with us is not within the Statute of Frauds, for the return is of course not signed by the purchaser, who is the party to be charged.

The proper and safe rule is for the sheriff personally to sign returns. This is his duty, and it is clearly his interest, as he is then obliged to supervise the acts of his subordinates. The subsequent order of the court, upon refusing the motion for a new trial, and overruling the motion in arrest of judgment, in relation to the filing of a release to the defendant in fee, prevents any injustice that might have occurred from the judgment in this case. Another trial could not possibly benefit the defendant, and he ought not to desire it.

Judgment affirmed.