## Horatio P. Connell, Sheriff, to use of John B. Ellison & Sons, Appellant, v. William Knight Shryock.

*Sheriff's sale—Resale—Suit for amount bid.*

A sheriff cannot maintain an action to recover the amount of a bid at a sheriff's sale of real estate after he has made a return of the writ under which the sale was made, setting forth that defendant had failed to pay, his bid, and after a subsequent sale and deed of the same property to another purchaser under a writ issued on another judgment, and distribution of the purchase money realized from the second sale.

Argued April 4, 1895. Appeal, No. 219, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1892, No. 104, on verdict for defendant. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover the amount of a bid made at a sheriff's sale of real estate. Before BIDDLE, J.

At the trial it appeared that at the time of the sale in June, 1892, the real estate in question was charged with the following incumbrances in the order named: (1) ground rent of $70.00; (2) mortgage of $1,000; (3) judgment of $902.57, owned and held by John B. Ellison & Sons; (4) mortgage of $1,000. The sale was made upon the last mentioned mortgage. Defendant bid in the property for $700, and paid $50.00 on account of the purchase money, but did not pay the balance. The terms of the sale were as follows:

" Fifty dollars of the price or sum at which the property shall be struck off shall be paid to the sheriff at the time of sale, unless the purchase money shall be less than that sum, in which case only the purchase money shall be paid.

" Otherwise the property will again be immediately put up

and sold. The balance of the purchase money must be paid to the sheriff, at his office, within ten days from the time of sale, without any demand being made by the sheriff therefor. Otherwise the property may be sold again at the expense and risk of the person to whom it is struck off, who, in case of any deficiency at such resale, shall make good the same."

The sheriff made return that the purchaser had not complied with the terms of the sale. Subsequently, in September, 1892, on levari facias issuing out of C. P. No. 3, upon the first mortgage of $1,000, the sheriff sold the land to another purchaser for $500. A deed was executed to the purchaser, and the purchase money realized from the sale was distributed.

Plaintiff's points were as follows :

" 1. An accepted bid at a sheriff's sale is a contract. The defendant having bid the sum of $700 for the premises in question at the sheriff's sale of June, 1892—which bid was accepted by the sheriff and $50.00 paid on account thereof by the defendant—said defendant became liable upon and is bound to pay the balance of said bid to the sheriff to the use of all persons beneficially interested therein. *Answer:* Refused."

" 2. The present action is brought to recover the price of the land sold, and not to recover damages for the loss of the bargain. Hence it is irrelevant that the land was subsequently sold by the sheriff under an execution issued upon a mortgage which would have remained an incumbrance upon the land in the hands of the defendant by the terms of the bid. Defendant by his bid bound himself to pay the purchase money, and assume the burden to protect the land from subsequent sale upon an incumbrance not discharged by the same by the terms of the bid. *Answer:* Refused."

" 3. The fact that the sheriff has made return of the writ upon which the sale was made to the defendant ' Terms of sale not complied with,' does not relieve defendant from the payment of his bid. *Answer:* Refused."

" 4. The defendant cannot complain that by reason of the sale of September, 1892, the deed from the sheriff to him now would be worthless, because that sale was produced by defendant's own default. If defendant desired to protect the investment which he contracted to make, he could have paid to the sheriff the full amount of his bid, taken title and kept down prior incumbrances. *Answer:* Refused."

" 5. Under all the evidence in this case, the verdict must be for the plaintiff. *Answer:* Refused."

The court charged as follows:

" I will instruct you as a matter of law that the verdict must be for the defendant, and will, of course, refuse plaintiff's points." [2]

The court directed a verdict for defendant. Judgment was entered on the verdict. Plaintiff appealed.

*Errors assigned,* among others, were (1) answers to points; quoting all the points and answers under one assignment; (2) in directing the jury to find a verdict for defendant.

*Dwight M. Lowrey, H. C. Thompson, Jr.,* with him, for appellant.—The return in this case does no more than certify to the court the facts which constitute the basis of appellee's liability. And far from being an election to abandon the action for the purchase money, this court has held that such a return is prima facie proof of defendant's liability in a suit for the price: Emley v. Drum, 36 Pa. 123; act of April 21, 1846, sec. 1, P. L. 430; Purd. Dig., 12th ed., 857, pl. 153.

The second sale was not brought about by any person interested in the original bid. It occurred in a foreclosure of a mortgage which by the terms of the sale to appellee was to remain on the property. He bought subject to that mortgage; it was his duty to take title and keep down the interest and prevent foreclosure, if he desired to prevent the loss of the property. Having failed to do this, he still must make good his bid: Harper v. Jeffries, 5 Wharton, 26; Garrard v. Lantz, 12 Pa. 187; M'Ginnis v. Noble, 7 W. & S. 454; Renshaw v. Gans, 7 Pa. 117; Mellon's App., 32 Pa. 121.

The sheriff had a right to sue in this case: Scott v. Greenough, 7 S. & R. 196; Smith v. Painter, 5 S. & R. 223.

The right to resell and sue for the difference in price is derived from the right to sue for the amount of original bid: Gaskell v. Morris, 7 W. & S. 39; Banes v. Gordon, 9 Pa. 426.

The sheriff's return is effectual to deprive any person interested of his right to insist on the contract: Vastine v. Fury, 2 S. & R. 426.

On the contrary whether a return has been made or not is

irrelevant in a suit for the price ; but if made it is prima facie proof of sale : Emley v. Drum, 36 Pa. 123 ; Leeds v. Seery, 2 W. N. C. 223.

The sheriff is not functus officio because he has returned the writ.   On the contrary, he is authorized still and may be compelled by the court to do what justice and equity require : Smull v. Mickley, 1 Rawle, 97; Gibson v. Winslow, 38 Pa. 54 : Hinds v. Scott, 11 Pa. 26 ; Adams v. Thomas, 6 Binney, 254; Borlin's App., 9 W. N. C. 545 ; act of April 21, 1846, sec. 1, P. L. 430.

The purchaser is bound to pay the price if he neglects to take title and protect himself against a subsequent sheriff's sale on an incumbrance to which the land remained subject by the terms of his bid : Garrard v. Lantz, 12 Pa. 187 ; Harper v. Jeffries, 5 Wharton, 26; M'Ginnis v. Noble, 7 W. & S. 454; Renshaw v. Gans, 7 Pa. 117 ; Mellon's App., 32 Pa. 121 ; Negley v. Stewart, 10 S. & R. 207 ; Allen v. Gault, 27 Pa. 473 ; Hinds v. Scott, 11 Pa. 26 ; Gaskell v. Morris, 7 W. & S. 39 ; Holdship v. Doran, 2 P. & W. 18.

*Alfred Moore, Arthur Moore* with him, for appellee.—When the appellee failed to comply with the conditions of the sale made by him, the appellant could have retained his writ and brought an action to recover the purchase money, or he could have treated the contract as broken, returned his writ setting forth the default, caused the premises to be resold, and in the event of loss, brought an action to recover the difference between the amount of the bid at the first sale and the amount for which the property sold at the second.   In this case he treated the contract as broken and returned his writ.   His right of action for the balance of the purchase money then terminated. It did not survive the contract: Weast v. Derrick, 100 Pa. 509 ; Adams v. Adams, 4 Watts, 160 ; Gaskell v. Morris, 7 W. & S. 32.

Per Curiam, April 22, 1895 :

There is nothing in the contract on which this suit is based that could by any possibility entitle the legal plaintiff to maintain an action against the defendant for the residue of purchase money, under said contract, after the former had sold and con-

veyed the same property to another person who paid him the full consideration for said conveyance. The learned judge of the common pleas was therefore right in refusing plaintiff's points for charge, and in directing a verdict for defendant.

Judgment affirmed.