# Acker, Sheriff, to the Use of Gray, Appellant, v. Snyder.

*Sheriffs' sales—Real estate—Bids—Failure of bidder to complete purchase—Actions for recovery of amount bid—Actions for loss upon resale—Sheriff's return—Affidavit of defense—Sufficiency—Practice, C. P.*

Where a sheriff has sold a piece of land under a levari facias and the purchaser refuses to comply with his bid, the sheriff may elect to sue for the purchase-price or he may elect to set aside all the proceedings under the levari facias and upon a resale under another writ may recover the loss if any from the purchaser under the

former writ. When, however, the sheriff returns the writ "terms of sale not complied with" he has elected to set aside all the proceedings under the writ so returned and may hold the bidder not for the amount bid, but only for the loss, if any, on a resale.

Argued March 29, 1915. Appeal, No. 36, Jan. T., 1915, by plaintiff, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1914, No. 582, refusing to enter judgment for plaintiff for want of a sufficient affidavit of defense, in case of A. Lincoln Acker, Sheriff of Philadelphia County, to use of Maria Louisa Gray v. William Henry Snyder. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for the purchase-price of a certain piece of real estate sold at a sheriff's sale to the defendant.

Rule for judgment for want of a sufficient affidavit of defense. Before PATERSON, J.

The opinion of the Supreme Court states the facts.

The court refused to enter judgment for plaintiff for want of sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was the order of the court.

*L. Albert Gray,* for appellant.

*Alex. Simpson, Jr.,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 26, 1915:

The use-plaintiff held a judgment against L. T. Goodman, executrix of Samuel G. Goodman, deceased; she caused a writ of levari facias to issue, upon which the sheriff exposed for sale a certain piece of real property belonging to the deceased judgment debtor; at the sheriff's sale, the property in question was knocked down to the defendant as the highest bidder, whereupon he caused his name to be signed to a written bid as "Wm.

Henry Snyder, Atty.," and made a deposit of $75 on account of the purchase-price. The written bid read as follows: "Fifty dollars of the price or sum at which each property shall be struck off shall be paid to the sheriff at the time of sale......Otherwise the property will again be immediately put up and sold. The balance of the purchase-money must be paid to the sheriff,...... within ten days from the time of sale......, otherwise the property may be sold again at the expense and risk of the person to whom it is struck off, who, in case of any deficiency at such resale, shall make good the same, though the hand-money required to be paid at the latter sale shall have been increased. Should the bidder fail to comply with the conditions of the sale, the money deposited by him at the time the property is struck off shall be forfeited and applied to the costs and judgment." The defendant failed to pay the balance of the purchase-price, whereupon, at the request of the attorney for the use-plaintiff, the sheriff returned the writ "terms of sale not complied with," and instituted the present action to recover the full amount alleged to have been bid by the defendant. The court below refused to enter judgment for want of a sufficient affidavit of defense, and the plaintiff has appealed.

The appellant contended in the court below, and here, that, under the written bid at bar, the sheriff had a right either to resell the property and hold the bidder at the first sale for any decrease in the purchase-price, or, in the first instance, to sue and recover the original price bid, while the position of the appellee was, and is, that the latter course could not be pursued. The appellee also presented other reasons for affirming the refusal to enter judgment, only one of which, owing to the view we take of the case, need be mentioned, and that is stated in the defendant's paper book thus: "Assuming that...... the sheriff may elect to sue for the purchase-price, or upon a resale sue for the loss, it is clear that when he has once made his election, he must pursue the course which

he has deliberately taken. A purchaser who pays the amount of his bid, is entitled to have the writ under which he buys returned that he has so complied. When, therefore, the sheriff returned the writ in this case 'terms of sale not complied with,' he debarred himself from thereafter returning 'sold to Wm. Henry Snyder for $20,000, which money I now have,' etc. He has, by the return he in fact made, elected to end all proceedings under that writ and to hold the bidder, not for the amount bid, but only for the loss, if any, on a resale"; we decide this point well taken. The plaintiff's statement of claim avers "That the said writ of levari facias has been returned to the prothonotary of the Court of Common Pleas of Philadelphia County, the 'terms of sale not complied with'......"; the affidavit of defense admits this, and avers that "L. A. Gray, Esq., of counsel for plaintiff in said suit, and for use-plaintiff in this, urgently requested the said sheriff to so return said writ immediately after the expiration of said ten days, the sheriff at his request did then make said return and handed to him said writ with said return upon it, and he, the said L. A. Gray, Esq., personally conveyed it to and filed it in the office of the prothonotary of this county." This record shows an election to abandon the present levari facias and to afford an opportunity for an alias writ and a resale; hence, the court below did not err in discharging the rule for judgment for want of a sufficient affidavit of defense. None of the cases cited to us is controlling here, but Emley v. Drum, 36 Pa. 123; Gibson v. Winslow, 38 Pa. 49, and Connell v. Shryock, 167 Pa. 483, all contain matter more or less enlightening upon elements entering into the determination of the present case.

The assignments of error are overruled and the order is affirmed.