## Stapleton et al. v. Taylor.

H. M. Showalter, for plaintiffs; Andrew A. Leiser, for defendant.

POTTER, P. J., Feb. 28, 1930.—The only question we are called upon in this instance to pass upon is whether the return to the writ of ejectment, signed by the deputy sheriff alone, is sufficient.

This question is easy, in our judgment, to determine. If the writ was served by the deputy sheriff, it should be signed by the sheriff as well.

A deputy is one who is appointed as a substitute for another, and empowered to act for him in his name or on his behalf; one who is appointed, designated or deputed to act for another; one who by appointment exercises an office in another's right; one who occupies in right of another, and for whom the superior will answer: 18 Corpus Juris, 784, 785.

And the principal must answer for the acts of his deputy. An action, if any, must be maintained against the principal, or, in other words, the deputy acts for the principal, and for his acts the principal is liable.

In the case at bar the deputy sheriff of Union County served a writ of ejectment upon the plaintiffs, and made the return of service in his own name as deputy sheriff. He is the deputy sheriff and this no one will deny. But the return of the service of all legal process should be made in the name of his principal, and his name, per deputy, may be and should be signed. The principal is liable for the acts of his deputy officially, and an action for any malpractice on the part of the deputy must be brought in the name of and against the principal. We have many cases where the document is signed by the deputy alone, but if, as in this case at bar, it was tested, the principal would be liable for the official acts of his deputy.

In the case of Emley v. Drum, 36 Pa. 123, the court says that "the proper and safe rule is for the sheriff personally to sign returns. This is his duty, and it is clearly his interest, as he is then obliged to supervise the acts of his subordinates." The sheriff should sign the return of service in this case, or it should be signed by the name of the sheriff, per John Doe as deputy. This is a technical matter, but the law points out the method to be followed.

And now, to wit, Feb. 28, 1930, the rule is made absolute, and the return of the service of the writ in this case is stricken from the records.

From A. Francis Gilbert, Lewisburg, Pa.