## Calhoun, Sheriff, v. Commercial Credit Corp.

*Reiley & Reiley*, for plaintiff.
*Alvin L. Little* and *Paul E. Beaver*, for defendant.

WRIGHT, P. J., April 20, 1942.—Can a purchaser of personal property at a sheriff's sale upon an execution defend against a suit by the sheriff to recover the purchase price upon the ground that, as a matter of distribution, the sheriff is not liable to anyone for the

money made at the sale? That is the primary question with which we are concerned in this case, and this exact question does not seem to have ever been decided in Pennsylvania, nor does it seem to have been adequately considered in the involved procedure which has heretofore taken place in this case, and out of which the present situation has developed.

Charles C. Mervine held title to a Packard automobile, subject to an encumbrance in favor of the Commercial Credit Corporation, this defendant. The personal property of Charles C. Mervine had been first levied upon by a constable upon an execution issued out of the office of a justice of the peace. Before sale by the constable, the Sheriff of Bedford County made a levy upon this personal property and also on Mervine's real estate by virtue of an execution issued out of the court of common pleas upon a judgment of George Points et al. At the personal property sale the sheriff offered the Packard automobile, subject to the encumbrance. Defendant corporation bid the sum of $259.35 and the automobile was sold to it at that figure. Defendant then refused to pay its bid, whereupon the sheriff attempted to resell the automobile, subject to the encumbrance, but received no bids at the second sale. The automobile was then turned over to defendant and this suit was instituted by the sheriff to recover the amount of the bid, plus the costs of the resale.

The original statement of claim disclosed the additional fact that the sheriff's writ had been fully paid out of the proceeds of the sale of the Mervine real estate. To this original statement of claim defendant filed an affidavit of defense raising the legal question that plaintiff had not shown any loss. The court overruled this affidavit of defense stating that defendant was bound by its bid, having received the automobile and converted it. Defendant then filed an affidavit of defense on the merits.

Plaintiff subsequently filed an amended statement

of claim adding an allegation that there were five judgments subsequent in lien to the judgment of George Points et al., which judgments were not reached in the distribution; and also adding an allegation that the proceeds of the sale of the personal property, not including the Packard automobile, were insufficient to pay the prior writ of the constable.

Defendant then filed a second affidavit of defense raising exactly the same legal question which it had raised in the first affidavit of defense. Thereupon the court completely reversed its prior position and sustained this second affidavit of defense, granting, however, to plaintiff the right ". . . to file a second amended statement of claim setting forth the names and title of any persons legally having a right to recover against the plaintiff, or setting forth a legal distribution of the funds that plaintiff seeks to recover in this case. In the absence of the filing of such an amended statement the defendant will then be in a position to move for judgment."

Plaintiff then filed a second amended statement of claim adding an allegation that on one of the subsequent judgment liens, namely, that of John P. Cuppett, a writ of scire facias with an accompanying fieri facias had been issued subsequent to the return day of the Points writ, but prior to the attempted resale of the automobile.

Defendant, attempting to follow the rather anomalous procedure outlined by the court, filed a "motion for rule for judgment" still raising the same legal question. To the rule granted on this motion plaintiff filed an answer and the matter is now for the first time before the court as presently constituted.

An execution is the end of the law and should not be the commencement of a new controversy: Smith et al. v. Painter, 5 S. & R. 223. To recover against the purchaser of real estate at a sheriff's sale no more is necessary than to prove the sale and produce the writ: Davis

v. Baxter, 5 Watts 515. In an action against a purchaser of real estate at a sheriff's sale, the defendant cannot take advantage of irregularities in the judgment: Piper v. Martin, 8 Pa. 206; or in the execution: Emley v. Drum, 36 Pa. 123; nor can he defend on the ground that the description of the land in the levy was erroneous: Tindle's Appeal, 77 Pa. 201; nor can he refuse to pay his bid and take the property on the ground that the sale will convey no title. If he is entitled to relief, he should apply to the court to have the sale set aside: Dickson v. McCartney, 226 Pa. 552. A defaulting bidder is liable for a loss occasioned by his failure to comply with the term of a sheriff's sale, and the difference of price on a resale may be used as the measure of damages: Pepper v. Deakyne (No. 1), 212 Pa. 181; Hartman v. Pemberton, 24 Pa. Superior Ct. 222; Acker, Sheriff, to use, v. Snyder, 250 Pa. 57.

We are of the opinion that the reasoning in these cases applies as well to personal property as to real estate, and as well to a matter of distribution as to matters of irregularity and title. Defendant has cited no authority whatever for its position that the sheriff must set up his distribution and show a loss, nor has our research disclosed any such authority.

Plaintiff argues that, under the facts as pleaded, there are persons to whom he is liable and that he has shown a loss. While we are inclined to agree with this position, we are not now determining the matter. We prefer to rest our decision upon the primary proposition, as we view the law, that a purchaser at a sheriff's sale, whether of real estate or personal property, cannot go behind the writ and raise as a defense a question of distribution.

### Decree

Now, to wit, April 20, 1942, defendant's rule for judgment is discharged, and defendant is allowed 15 days within which to file an affidavit of defense upon the merits.