## Peck *versus* Whitaker, late Sheriff.

103  297
24 SC 226
24 SC 229
103 297
226 1482
226 1554

1. The return to a writ of execution stated that the premises therein described had been sold to one L. W. Peck. This return was by leave of court amended some nine years afterwards, when the sheriff had gone out of office, and the true name of the defendant, J. W. Peck, was inserted. In an action afterwards brought by the late sheriff against J. W. Peck, to recover from him the difference between his bid at the said sale, which he failed to pay, and the amount for which the real estate sold at a subsequent sale :

*Held,* that the amendment was properly allowed, and that the statute of limitations qualifying the effect thereof, could only be interposed by way of plea.

2. In the above action the defendant offered to set off certain judgments against the judgment debtor assigned to and held by him the defendant : *Held,* that as the amount sued for could not be distributed in this action, the evidence was properly rejected.

[Peck *v.* Whitaker.]

April 12th 1883.    Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Luzerne county :*
Of January Term 1883, No. 57.

This was an action of assumpsit by Aaron Whitaker, late
sheriff of Luzerne county, to recover of J. W. Peck the differ-
ence between the bid of said Peck, on a sale of the real es-
tate of one Trine by said sheriff Whitaker (said Peck having
failed to comply with his bid), and the amount the real estate
sold for at a subsequent sale.   Pleas, non-assumpsit, payment
with leave, &c.

Upon the trial, before RICE, P. J., the plaintiff offered in
evidence the record of the suit of Thomas *v.* Trine, in which
a writ of vend. ex. issued against the real estate of said Trine,
and returnable the first Monday of June 1872.   The return to
the vend ex., stated that the property was sold to L. W. Peck
for $3,010, and that he failed to comply with his bid.   The
record further showed that on December 1st 1881, the return
was amended by leave of court so as to show the true name of
the defendant, J. W. Peck.   This amended return was objected
to, on the grounds that the amendment was asked after the
sheriff had gone out of office, and that it was granted over six
years after the bid had been made, and the statute of limitations
had run.   The evidence was admitted, and exception taken by
defendant.   A notice to defendant to comply with his bid, and
a subsequent sheriff's sale of the same premises for the sum of
$1,200, were then proved.

The defendant proposed to offer in evidence the judgments,
which were liens upon the property sold, at the time of the first
sale, and to show that all of the first liens, to more than the
amount of the bid, were at the time of the trial in the name of
J. W. Peck, the defendant ; and coupled with this offer the
proposition to receipt the full amount of the difference between
the bids on the judgments.   The court, upon objection made,
overruled this offer.   Exception.

The court charged the jury that the plaintiff was entitled
to recover the difference between the defendant's bids, with
the costs of the second sale.   Verdict accordingly for the plain-
tiff for $3,010.86, and judgment thereon ; whereupon defendant
took this writ, assigning for error inter alia the rulings of the
court in admitting and excluding the evidence above noted.

*S. B. Price* and *Isaac P. Hand*, for plaintiff in error.—
The statutes, authorizing amendments, do not allow a change
of the cause of action, especially if the statutory period for
bringing suit has expired, and the amendment would cause in-
jury to the opposite party : Trego *v.* Lewis, 8 P. F. Smith

[Peck v. Whitaker.]

469 ; Kaul v. Lawrence, 23 Id. 416 ; Kille v. Ege, 1 Norris 110 ; Leeds v. Lockwood, 3 Id. 73. A sheriff who is out of office cannot amend his return to shield himself from an action for damages : McElrath v. Kintzing, 5 Barr 336 ; and should not be allowed to amend in order to give him a right of action under the Act of April 21st 1846, Br. Purd. 659, pl. 130. This action is not founded on the defendant's omission to pay, but the injury consequent on such omission. Any evidence which disproves damages is admissible as a defence : Tindle's Appeal, 27 P. F. Smith 201.

*W. H. McCartney* and *Q. A. Gates*, for defendant in error.—The sheriff, even after the expiration of his term, may amend his return, so as to state the truth, and conform to the facts : Herman on Executions, p. 397, and cases cited. The length of time during which amendments may be made is in the discretion of the court : Herman on Executions 399–402 ; Gilman v. Stetson, 16 Me. 124 ; Whittier v. Varney, 10 N. H. 291. There was no offer to prove that the defendant owned the judgments referred to in his offer of evidence at the time the suit was brought, a condition precedent to the right of set-offs : Speers v. Sterrett, 5 Casey 192.

If he was a lien creditor at the time of sale, he should have availed himself of the Act of April 20th 1846, pl. 411, providing how lien creditors may apply their liens upon their purchase : Singerly v. Swain, 9 Casey 102.

The opinion of the court was filed April 23d 1883.

PER CURIAM. It is true a sheriff out of office cannot amend his return so as to defeat an action brought against him for damages. That rule does not apply to the facts in this case. Here the sheriff is merely the legal plaintiff in the action ; but it is solely for the benefit of the lien creditors entitled to the fund : Tindle's Appeal, 27 P. F. Smith 201. The money, however, is not to be distributed on the trial of this cause. After the recovery is had, and due notice to all, claiming to share in the fund, a distribution will be made. They are not parties to this suit, and the precise quantum of their shares are not to be determined now. The amendment was properly allowed. The statute of limitations qualifying the effect thereof was not interposed as a plea. We see no error in the record.

Judgment affirmed.