# Wells *versus* VanDyke.

1. The rule in sheriffs' sales is *caveat emptor*, and therefore credit should be allowed a debtor for a bid made by his creditor at a sheriff's sale of the debtor's property, under the creditor's judgment, for which he exchanged receipts with the sheriff, although the sale passed no title.

2. A., a married woman, joined with her husband in a bond, with warrant of attorney, and mortgage of her real estate, to B., who entered judgment on the bond against both obligors, and under an execution thereon levied on said real estate and bought it in at sheriff's sale. The amount bid by B. at the sale was claimed by B., and also by other creditors of A's husband, and the sheriff having filed a special return, an auditor was appointed who awarded the same to B., who exchanged receipts with the sheriff for the purchase money. Subsequently B. issued a scire facias on the mortgage.

   *Held,* that the defendants were entitled to a credit for the sum bid by and awarded to B. at the said sheriff's sale, although he did not obtain a good title, owing to the fact that the bond of the married woman was void as against her.

March 19, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Bradford county:* Of January Term, 1884, No. 364.

This was an action of scire facias sur mortgage, by G. H. VanDyke against Charles Wells and Amelia Wells his wife.

On July 3, 1873 Charles Wells and Amelia his wife executed to the plaintiff a bond for $4,857.26, and a mortgage of the wife's real estate to secure the same. On April 12, 1874, Van-Dyke entered judgment on said bond against both defendants and under an execution thereon purchased the mortgaged

premises at sheriff's sale for $4,000. The sheriff made a special return, and an auditor was appointed, who awarded the fund to VanDyke on account of his bond and judgment, and he exchanged receipts with the sheriff therefor. The auditor's report was confirmed by the court, and upon appeal from said decree of distribution by one Mason, a lien creditor and claimant of the fund, the decree was affirmed by the Supreme Court (Mason's Appeal, decided March 25, 1878. not reported.)

In February, 1879, VanDyke being doubtful as to the validity of his title derived by said sheriff's sale under his judgment, the judgment having been entered on a bond signed by a married woman and her husband, issued this scire facias on the mortgage. The defendants filed an affidavit of defence, and the court discharged a rule taken by plaintiff to show cause why judgment should not be entered for want of sufficient affidavit of defence. Upon writ of error the Supreme Court reversed that judgment, and awarded a procedendo, holding inter alia, that said bond was void as to Mrs. Wells, and the sheriff's sale under the judgment thereon did not pass her title to the plaintiff as sheriff's vendee. (See VanDyke *v.* Wells, 7 Out., 49, where the said bond is printed and the facts are fully stated.)

The defendants pleaded payment with leave, &c., and on the trial before MORROW, P. J., they put in evidence the record of the said judgment on the bond, the execution and sheriff's sale thereunder, and the award of the bid of $4,000 to the plaintiff on account of his judgment; and claimed credit on the mortgage for said amount.

Defendant's counsel presented, inter alia, the following points:—

3. The plaintiff having had three distinct remedies in collecting his debt, and having elected one of these remedies, he adopts it with all its legal consequences.

*Answer.* We say that the plaintiff had three separate and distinct remedies to enforce the collection of his debt, and having elected to proceed on the bond, he is liable for all the legal consequences arising from that; but we refuse to say that the legal consequences arising from that sale are that he having bought on a void judgment, at a void sale, was bound to deduct the full amount of his bid from the mortgage debt.

The court charged the jury, inter alia, as follows: " It is claimed that because the bond, judgment and sale were void as to Mrs. Wells, and no money was actually paid, she suffers no loss, and it would be contrary to equity to hold that the bid of $4,000 must be applied as payment on the mortgage. This is the principal question in the case, and I am not without doubt about it. [It is true, a bond and mortgage are two secu-

rities for the same debt, and payment of one is payment of both, but where the bond is void, and the alleged payment is not in money or other valuable thing, I am inclined to hold it is no payment on the mortgage.]   It has been determined in the distribution of the $4,000, that Charles Wells had no interest in, or title to, the land, and hence VanDyke got nothing by his bid, and it seems to me against conscience to compel him to apply his bid on the mortgage.  [You are therefore directed to find for the plaintiff the full sum covered by the mortgage."]

Verdict accordingly for the plaintiff, and judgment thereon. The defendants took this writ of error assigning for error, inter alia, the answer to their third point, and the portions of the charge above included within brackets.

*Rodney A. Mercur* and *H. N. Williams* (*E. A. Angle* with them), for the plaintiffs in error.—The simple facts are that the plaintiff below purchased at sheriff's sale, under his own execution, the right, title and interest of Charles Wells in the mortgaged premises, whatever that interest might be, for $4,000.   That fund was awarded and paid to him, on account of the bond and mortgage debt, against the contest of other lien creditors.   When plaintiff below afterwards proceeded to enforce his cumulative remedy, by scire facias on the mortgage, he was bound to allow credit for the $4,000 he had already received; in other words, having been paid $4,000 on account of the mortgage debt, he could only enforce his mortgage for the balance due.   But the court below held otherwise, upon the ground that because he did not obtain Mrs. Wells' title by his purchase at the sheriff's sale under the void judgment against her, he was not bound to account for the purchase money which he paid, and which was afterwards awarded to him.   We submit that such reasoning is illogical and unsound in law.   If a stranger had purchased at that sheriff's sale and paid the purchase money, and it had been awarded to VanDyke on account of his judgment (which was for the same debt secured by the mortgage), he would not claim to recover that sum again, under proceedings on the mortgage.   But the fact that VanDyke purchased under his own execution was an accident, and that does not affect the question of his liability to give credit.   He exercised his option in selling under his judgment on the bond, and if he made a mistake of law in supposing the sale would pass Mrs. Wells' title, he alone is responsible for the result.   The maxim *caveat emptor* applied to the sheriff's sale, and if he made a bad bargain by reason of his mistake his remedy, if any, was to move to set the sale aside.   But he cannot hold the sheriff's title, and the purchase

10 OUTERBRIDGE.—8.

money distributed to him, and again recover the full amount of the debt, without credit for said purchase money, in this proceeding on the mortgage : Clarke *v.* Stanley, 10 Barr, 478 ; Ridgway *v.* Longaker, 6 Harris, 215 ; Pierce *v.* Potter, 7 Watts, 475 ; McGrew *v.* McLanahan, 1 Penrose & Watts, 48 ; Wentz *v.* Dehaven, 1 Sergeant & Rawle, 317 ; McCall *v.* Lenox, 9 Sergeant & Rawle, 312 ; Commonwealth *v.* Wilson, 10 Casey, 67 ; Bergher *v.* Hiester, 6 Wharton, 210 ; Hartz *v.* Woods, 8 Barr, 471 ; Bank *v.* Chester, 1 Jones, 282.

*John F. Sanderson* (*Edward Overton, Jr.* with him), for the defendant in error.—The proceeding before the auditor appointed to report upon the special return of the sheriff's sale under the judgment on the bond was solely between Mason, who claimed the fund as a lien creditor, and VanDyke who claimed the right to exchange receipts with the sheriff. It only determined that Mason had no interest, and that VanDyke's claim was valid. The defendants in the execution had no interest whatever in that controversy : Shaw's Appeal, 10 Wr., 407. But the plaintiffs in error claim that the receipt itself precludes VanDyke from demanding the amount of it. A void bond, a void confession, a void judgment, a void execution, a void sale, a void deed, but nevertheless, it is claimed a valid receipt, based on all these nullities. The defendant in a scire facias sur mortgage is in the position of a plaintiff in equity in a bill to redeem where as in this case the mortgagee is in possession. All his equities can be enforced in the scire facias. The proceeding itself is a substitute for a bill to redeem. The maxim that he who would have equity must do equity is applicable as well in the common law forum as in chancery. But in this case the mortgagor seeks to redeem without payment of the mortgage debt.

The receipt of a mortgagee acknowledging satisfaction of the debt secured by the mortgage, is not conclusive evidence of its discharge, but is open to explanation : Pearce *v.* Savage, 45 Me., 90 ; Perkins *v.* Pitts, 11 Mass., 125 ; Porter *v.* Hill, 9 Mass., 34 ; Parsons *v.* Welles, 17 Mass., 419 ; Russell *v.* Church, 15 P. F. S., 9.

Mr. Justice PAXSON delivered the opinion of the Court, April 14, 1884.

This case was here before upon the refusal of the court below to enter judgment for want of a sufficient affidavit of defence. We then held (see 7 Out., 49) that the sale under an execution issued upon the bond accompanying the mortgage, was void as against Mrs. Wells, she being a married woman, and that the sale did not pass her title to the mortgaged pre-

mises.   It followed that said sale was no defence to the scire facias on the mortgage ; the judgment was therefore reversed, and a procedendo awarded.

Since then the case has been tried in the court below, and it now comes up with a verdict against the defendant for the full amount of the mortgage.   Upon the trial the defendants claimed as a credit the amount of the plaintiff's bid ($4,000) upon the first sheriff's sale, which was objected to by the plaintiff and disallowed by the court.

It requires but a moment's reflection to see that the credit should have been allowed.   That sale was confirmed ; the plaintiff claimed a credit for his bid ; this was referred to an auditor, and the claim was allowed by the auditor and the court below.   The matter was therefore solemnly adjudged by a court of competent jurisdiction, and its decree cannot be attacked collaterally and disposed of in this summary manner.

It is no answer to say that the plaintiff bought a worthless title.   That is begging the question.   The execution issued upon the bond was a valid execution against the husband, and the sale thereunder passed any title there may have been in him.   It may be he had no interest in the property ; we do not know, and therefore cannot say so.   The plaintiff may have supposed he had an interest, and he had the right to sell it in the way he did.   And though the fact be that he had no interest whatever, it does not help the plaintiff in this proceeding.   A man who buys a worthless title at a sheriff's sale, and pays for it, or is allowed a credit on his lien, which is substantially the same thing, has no standing to repudiate the transaction subsequently.   The facts now set up by the plaintiff might have afforded a ground of relief had an application been made to the court below at a proper time and in a proper manner.   But he allowed the sale to be confirmed, and insisted upon being allowed a credit for his bid.

The rule in sheriffs' sales is *caveat emptor*.   The parties do not treat for a title, but the creditor proposes to sell and the purchaser to buy, just whatever interest the debtor may have in the land : Weidler *v.* The Bank, 11 S. & R., 134.

We are of opinion that the amount the property sold for at the first sale should be credited upon the mortgage.

Judgment reversed, and a venire facias de novo awarded.