Horatio P. Connell, late High Sheriff of the County of Philadelphia, Appellant, *v.* Charles J. Webb, Harry E. Lincoln and William B. Toland, trading as Charles J. Webb & Company.

*Sheriff's sales—Failure to comply with purchase—Affidavit of defense.*

In an action by a sheriff against a purchaser at a sheriff's sale to recover the difference in price between a first and second sale, an affidavit of defense is sufficient which avers that the defendants were the purchasers at the first sale; that without any notice or demand upon them to comply with the terms of the first sale, the sheriff returned the writ of the firs' sale and issued an alias writ; that at the second sale the property was bid in for two mechanics' lien claimants who failed to comply with the terms of sale; that the sheriff accepted the defendants' second bid at said second sale, and finally settled with the defendants; that the suit is brought at the request and for the sole use of said two claimants whose liens would not have been reached by the original sale; that defendants themselves would have been entitled to all the money of the first sale in excess of the amount of the second sale.

Argued March 27, 1896.   Appeal, No. 42, Jan. T., 1896, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1894, No. 300, discharging rule for judgment for want of a sufficient affidavit of defense.   Before Sterrett, C. J., Green, Mc-Collum, Dean and Fell, JJ.   Affirmed.

Assumpsit to recover the difference between defendants' bids at a first and second sheriff's sale.   Before Arnold, J.

Defendants filed the following affidavit of defense.

It is true, as set forth in the statement of plaintiff's demand filed in this cause, that upon April 3, 1893, my firm did bid the sum of $110,000 for the premises mentioned in the said statement through our attorney, and did pay down the sum of $100 deposit on same ; and it is true that subsequently the said sheriff did make return to the court having jurisdiction of the writ under which the sale had taken place that the sale had not been complied with ; and it is true that subsequently under another writ in the same cause the property was again exposed for sale by said sheriff on December 4, 1893 ; but it is not true that said property was then and there sold to John F. Smiley for $91,000 ; nor is it true that the defendants refused to comply with the first purchase as aforesaid by them, or in any way agreed to be, or did render themselves, liable to the plaintiff as such sheriff for the sums as set forth in said statement, or for any other sums in this or in any other connection.

The true facts of this transaction are as follows :

The property described in the statement was exposed for sale by the plaintiff as sheriff as aforesaid, upon April 3, 1893, having been taken in execution as the property of Robert S. Spencer under a judgment for $88,383.48 obtained upon a first mortgage upon said property held by The Fidelity Insurance Trust & Safe Deposit Company, trustee, etc., and which mortgage and the said judgment thereon were the first liens upon this property.   The next lien of record against the property was a judgment held by your affiant's firm to No. 1122 of December term, 1892, for $60,273.82 ; the next a judgment in favor of Joseph M. Adams for $14,812.41 to No. 1123 of December term, 1892, C. P. No. 1, which was and is owned by affiant's firm, both of which judgments were obtained on February 7, 1893.

There next appeared of record against said property four mechanics' liens, all alleged to have been filed for work and labor done about the erection and construction of certain new buildings upon the lot of ground before mentioned within six months, etc.

These liens were as follows, and filed on the following dates:

1. March 16, 1893, by Glassey & Fowler for $316 to No. 58, March T., 1893, C. P. No. 4, M. L. D.

2. March 17, 1893, by Thomas D. Trott for $4,234.20 to No. 62, March T., 1893, C. P. No. 4, M. L. D.

3. March 17, 1893, by Thomas W. Wright & Son for $4,895.05, to No. 63, March T., 1893, C. P. No. 4, M. L. D.

4. April 6, 1893, by Rath & Parker for $213.62 to No. 67, of March T., 1893, C. P. No. 1, M. L. D.

At the said sheriff's sale on April 3, 1893, affiant's attorney did bid the sum of $110,000 for said property, and made for them the deposit of $100, which covered the costs of said sale.

Affiant's firm, however, did not complete said purchase and take the said property at the sum mentioned for the reason that without any demand having been made upon them by the said sheriff or by any one for him, or by the plaintiff in the execution writ, or by any of the said mechanics' lien claimants, or by the defendant, Robert S. Spencer, to comply with the said sale, or without any notice having been given to them by any of the said parties that if they did not comply with the said sale they would be held responsible for any deficiency of price on second sale, the said sheriff returned the said writ of levari facias as set forth in said statement of claim, and an alias writ under the same judgment was duly issued as set forth in this statement, and the property again exposed for sale on December 4, 1893, by said plaintiff. At that sale the highest sum bid was $98,000, and at that sum the property was struck down to Benjamin C. Satterwaite, Esq., as attorney, who signed the sheriff's sale book as such, giving his check for $100 as deposit, and who your affiant believes and avers and expects to be able to prove at the trial of the cause was acting as attorney for the two lien claimants before mentioned, Thomas D. Trott and Thomas W. Wright & Son. Under an order of court made in the cause, the sheriff also accepted the attorney for affiants who had bid the sum of $91,000 for affiants, as a second bidder, in case the

first bidder did not comply with the terms of sale. The first bidder did not comply with the terms of sale, and in due course your affiants made settlement with the sheriff, paid all of his costs, including those mentioned in the statement, and took title in the name of one John F. Smiley, who was acting therein as agent for affiant's firm.

Affiant believes and avers and expects to be able to prove at the trial of the cause, not only all of the foregoing facts, but also that the present suit has been brought by the sheriff at the request of, and for the sole use of, the said two lien claimants, Thomas D. Trott and Thomas W. Wright & Son; and that the liens which they filed against the property not only are not for the erection and construction of any buildings thereon, but are for the alteration and repair of certain old buildings thereon, and therefore subsequent in lien to the judgments of deponent's firm; that, even if they were for erection and construction, they cover but about one twentieth of the property sold, and would be entitled to but one twentieth of the fund, and that said lien claimants gave receipts in full and were settled with by the former owner, Robert S. Spencer.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Joseph Savidge, William Grew* and *A. S. L. Shields* with him, for appellant.—Defendants' purchase and refusal rendered them immediately liable for the difference on resale to be collected in the name of the sheriff for the use of the defendant in execution and his lien creditors: Forster v. Hayman, 26 Pa. 268; Gaskill v. Morris, 7 W. & S. 32; Tindle's App., 77 Pa. 203; Smith v. Wilson, 152 Pa. 552; Wright's App., 25 Pa. 374; Freeman v. Husband, 77 Pa. 389.

*Joseph De F. Junkin,* for appellees.—Defendants were entitled to notice: Girard Life Ins. Co. v. Young, 8 Phila. 16; Gaskill v. Morris, 7 W. & S. 32.

PER CURIAM, April 6, 1896

We are not convinced that the learned court erred in hold-

ing the averments contained in the affidavit of defense were sufficient to carry the case to a jury.

Inasmuch as the case goes back for trial by jury, it is neither necessary nor desirable at this time to express any opinion as to the merits of the questions intended to be raised by the averments referred to.

Appeal dismissed at plaintiff's costs, without prejudice, etc.