## Hartman, Appellant, v. Pemberton.

*Sheriff's sale—Defaulting purchaser—Action—Notice—Resale—Deed.*

An action will lie against a defaulting purchaser at a sheriff's sale for the difference between the price paid by him and the smaller sum obtained at a second sale.

A purchaser at a sheriff's sale buys at his own risk, and takes the title of the defendant in the execution as it is. The record of a prior mortgage is constructive notice to him, and he is bound by the facts which the record discloses. The mere fact that the bidder mistakenly supposed that it was customary for the sheriff to give notice of prior incumbrances in his advertisements, will not relieve the bidder, where there is no evidence of fraud or misrepresentation on the part of the sheriff, the plaintiff in the execution, or the debtor.

Where a notice of a sheriff's sale states that the balance of purchase money must be paid to the sheriff at his office within ten days from the time of sale, without any further demand by the sheriff, a bidder who pays the hand money and signs the bid, is not relieved because, when he informed the attorneys of the plaintiff and the defendant in the execution that he would not perfect the sale, he was not immediately, or shortly thereafter, notified that he would be held to his bid. In such a case notice

to the sheriff that the sale would not be perfected is equally unavailing since the purchase money was to be paid without further demand from the sheriff; nor was the sheriff bound immediately to re-expose the property for sale.

Where a property has been twice sold by the sheriff on the same day, and the second bidder has signed the bid and paid the hand money, the sheriff is under no obligation to offer the property a third time on that day. The interest of the creditors and the debtor might be greatly prejudiced by such resale.

The sheriff is not bound to tender a deed before payment of the purchase money for property bought at a sheriff's sale.

A defaulting bidder at a sheriff's sale cannot avoid liability for a loss sustained by a lower bid at a subsequent sheriff's sale, because the property was not sold at the sale in the succeeding month, where it appears that after allowing the time provided for the payment of the balance of the purchase money, there was not time in which to procure the sale in the succeeding month.

An action against a defaulting bidder at a sheriff's sale is properly brought in the name of the sheriff alone, but the action is not defeated by the introduction of the name of a use plaintiff.

Connell v. Webb, 175 Pa. 52, and Girard Life Ins. Co. v. Young, 8 Phila. 16, distinguished.

Argued Oct. 13, 1903. Appeal, No. 19, Oct. T., 1903, by plaintiff, from order of C. P. No. 3, Philadelphia County, Sept. T., 1900, No. 822, discharging rule for judgment for want of a sufficient affidavit of defense in case of Wencel Hartman to use of Helen M. Allen, Administratrix d. b. n. c. t. a. of John B. Johann, Deceased, v. Clifford Pemberton, Jr. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the suit was brought to recover the sum of $850 being the difference beween the bid of the defendant at the sheriff's sale and a smaller bid at a subsequent sale. The affidavit of defense set up that the defendant, observing an advertisement of a property for sale by the sheriff and noticing that no prior incumbrances were advertised and being under the honest impression that it was customary for the sheriff to advertise prior mortgages, fell into the assured conviction that there existed upon the premises no lien of a prior mortgage. He therefore in-

structed his agent to attend the sale and to bid the property up to a given figure ($8,000), and then left his office for the day. This agent, however, not being instructed as' to liens, and better informed on such subjects than his principal, was apprehensive on the subject, and accordingly attempted to find the plaintiff's attorney before the sale, but in this he was unsuccessful. The property was cried at the sale ; the bidding became lively between defendant's agent and a party unknown to him, and was knocked down to the latter by the sheriff at $13,000. Presently the sheriff, for reasons unknown to the defendant's agent, offered the property over again, and had it cried a second time; this time the defendant's agent recognized the attorney on the writ as the opposing bidder. The high price at which the property was first bid in by the party unknown to the defendant's agent and the appearance on the second bidding of the attorney on the writ confused the defendant's agent and tended to confirm his belief that there were several persons bidding for the property, and that there existed no prior lien in the nature of a mortgage. This time, however, the property was knocked down to the defendant.

Immediately thereafter, before the sale was adjourned, the defendant's agent approached the attorney on the writ, Mr. Miller, which was the first opportunity he had for this purpose, and asked him if there were any existing incumbrance on the property prior to that under which the property was sold, and being advised of the existence of a $10,000 mortgage, instantly told Mr. Miller, in behalf of his principal, the defendant, that the defendant would not complete the sale, and declined to take the property. The property might have been again cried by the sheriff on that day and at that very sale had he been so asked to do, which he was not. The next day, or very presently, the defendant himself informed both the attorney for the plaintiff in the present suit and the attorney in the suit in which the property was sold, that he would not comply with the terms of the sale, stating the misapprehension under which he had made the bid. Notwithstanding this fact the property was not put up at the August sale, as it might and should have been, and was only reoffered for sale in September, a notice being sent to the defendant three or four days before that sale that in the event the price bid being less than that of the defendant's bid

he would be held for the difference. The property was sold for a less amount, and this present suit was brought to recover the difference in price between the two bids.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Alfred R. Haig*, with him *Henry C. Thompson, Jr., Dwight M. Lowrey* and *William F. Harrity*, for appellant.—The rule of caveat emptor applies in all its force to a purchaser at a sheriff's or other judicial sale : Wells v. Van Dyke, 106 Pa. 111 ; Weidler v. Farmers' Bank, 11 S. & R. 134 ; Howe's Estate, 35 W. N. C. 16.

If a purchaser at a sheriff's sale of real estate has bid under a misapprehension as to his rights, his remedy is an application to the court to set aside the sale : Crawford v. Boyer, 14 Pa. 380, 383 ; Cooper v. Borrall, 10 Pa. 491, 494 ; Davis v. Baxter, 5 Watts, 515 ; Saunders v. Gould, 134 Pa. 445.

The mere fact that the defendant gave notice that he would not comply with the terms of sale did not make it obligatory on the sheriff immediately to resell the property : Gaskell v. Morris, 7 W. & S. 32 ; Forster v. Hayman, 26 Pa. 266 ; Taylor v. Shoener, 12 W. N. C. 504.

The sheriff is not bound, like an individual, to tender a deed before he demands the money. The court will see that justice is done to the purchaser : Allen v. Gault, 27 Pa. 473, 479 ; Leeds v. Seery, 2 W. N. C. 223 ; Negley v. Stewart, 10 S. & R. 207.

The contract having been made with the sheriff he should bring suit and he has done so : Peck v. Whitaker, 103 Pa. 297 ; Tindle's App., 77 Pa. 201 ; Connell to use v. Shryock, 167 Pa. 483 ; Taylor v. Shoener, 12 W. N. C. 504 ; Hare v. Bedell, 98 Pa. 485 ; Emley v. Drum, 36 Pa. 123, 125.

*Sharswood Brinton*, for appellee.—It is settled beyond all controversy that the right to bring a suit of this character is in the sheriff : Gaskell v. Morris, 7 W. & S. 32 ; Freeman v. Husband, 77 Pa. 389 ; Adams v. Adams, 4 Watts, 160 ; Smith v. Wilson, 152 Pa. 552 ; Cummings's App., 23 Pa. 509 ; Finley's Exers. v. McCulley's Admr., 2 Phila. 212 ; Shakespeare

v. Delany, 86 Pa. 108; Fry & Co. v. Patrick, 13 Pa. C. C. Rep. 297; Howe's Estate, 14 Pa. C. C. Rep. 574; Stroup v. Raymond, 183 Pa. 279.

It was the duty of the plaintiff to sell at the first possible sale.

Failure to demand completion of contract or give notice of a resale, was essential: Hughes v. Miller, 186 Pa. 375; Lowry v. Haberlin, 8 Pa. Dist. Rep. 382; Gaskell v. Morris, 7 W. & S. 32; Girard Life Ins. Co. v. Young, 8 Phila. 16; Connell v. Webb, 175 Pa. 52.

OPINION BY HENDERSON, J., January 21, 1904:

The defendant does not deny that he was the purchaser at the sheriff's sale ; that he declined to complete the sale by the payment of the balance of his bid, and that there was a resale at a reduced price. The sale was made under the following terms : "Fifty dollars of the price or sum at which the property shall be struck off shall be paid to the sheriff at the time of sale unless the purchase money shall be less than that sum, in which case only the purchase money shall be paid. Otherwise the property will again be immediately put up and sold. The balance of the purchase money must be paid to the sheriff, at his office within ten days from the time of sale, without any demand being made by the sheriff therefor. Otherwise the property may be sold again at the expense and risk of the person to whom it is struck off, who, in case of any deficiency at such resale shall make good the same."

It has been held in many cases that an action will lie against the defaulting purchaser at a sheriff's sale for the difference between the price bid by him and the smaller sum obtained at a second sale: Gaskell v. Morris, 7 W. & S. 32 ; Adams v. Adams, 4 Watts, 160 ; Cooper v. Borrall, 10 Pa. 491 ; Tindle's Appeal, 77 Pa. 201 ; Peck v. Whitaker, 103 Pa. 297.

The first defense set up in the affidavit is that the defendant bid in the property under a misapprehension as to existing liens. No allegation of fraud or misrepresentation on the part of the sheriff, the plaintiff in the execution, or the debtor, is alleged, the only cause of misapprehension being the belief of the defendant that it was customary for the sheriff to give notice of prior incumbrances in his advertisements, and the further

fact that the agent of the defendant who attended the sale was led to believe by the course of the bidding that there were no prior incumbrances.  The affidavit does not disclose, however, any act of any of the parties in interest in the sale by which he was misled, or which affected the validity of his contract with the sheriff.  The rule is well established that a purchaser at sheriff's sale buys at his own risk.  The sheriff offers to sell and the purchaser can only buy the interest of the debtor in the land to be, sold.  The purchaser takes the title of the defendant in the execution as it is.  The record of a prior mortgage is constructive notice to him, and he is bound by the facts which the record discloses.  " They (bidders at judicial sales) bid at their peril, and are supposed to be acquainted with the location of the property and its title, and, if they are not, they, and not the creditors and debtors, must stand the loss : "  Cooper v. Borrall, supra ; Davis v. Baxter, 5 Watts, 515 ; Weidler v. Farmers Bank, 11 S. & R. 134 ; Wells v. Van Dyke, 106 Pa. 111.  Where a purchase has been made at judicial sale under material misapprehension as to facts, the purchaser may be relieved in a proper case by application to the court having control of the sale, but, unless that is done, he must stand to his bargain: Davis v. Baxter, supra ; Crawford v. Boyer, 14 Pa. 380.  From the misapprehension alleged in the affidavit, the defendant is not entitled to relief in an action by the sheriff for deficiency in the second sale.

Another defense presented is that the defendant was relieved from the obligation of his bid because when he informed the attorneys of the plaintiff and the defendant in the execution that he would not perfect the sale, he was not immediately or shortly thereafter notified that he would be held to his bid.  The hand money had then been paid by the defendant, and he had signed his bid.  It does not appear that he notified the sheriff that he declined to comply with his undertaking, nor under the terms of the sale was the sheriff required to demand the balance of the purchase money from him, it being expressly stipulated that that balance should be paid within ten days from the time of sale without demand therefor by the sheriff.  If not so paid, the sheriff was at liberty to resell the property at the risk of the defaulting purchaser.  In Gaskell v. Morris, supra, it was said : " This notice, if any of the sort was requisite, was sufficient to

put him on the lookout so as to guard against the consequences of a resale, which could only be done by his paying the purchase money without delay." Nor if notice had been given, was the sheriff bound to immediately re-expose the property to sale.

He had a right to rely upon the defendant's contract and hold him for the whole amount of the purchase money, and we cannot say that he might not at the end of ten days elect whether he would proceed against the purchaser on his bid or resell the property and hold him for any deficiency. It had already been twice sold on the day appointed. Whether bidders were present after the defendant had signed his bid and made the hand payment, we are not informed. It is easily seen that there might be good reason for not offering the property a third time that day. It is a matter of general experience that at such sales property offered a second time brings a lower price. The interests of the creditors and the debtor might be greatly prejudiced by such resale: Forster v. Hayman, 26 Pa. 266 ; Cooper v. Borrall, supra.

It is admitted that the attorneys of the use plaintiff gave notice in writing to the defendant September 13, 1900, that the same property would be sold by the sheriff on the 17th of that month, and that he would be held responsible for the difference should the property sell for less than the amount bid by him at the former sale. If any other notice were required than that contained in the conditions of the sale, this was sufficient to inform the defendant, and to give him an opportunity to protect himself at the second sale. It is affirmed in the declaration, and not denied by the plaintiff, that no change occurred in the condition of the property and the terms of sale, and the relations of the parties were clearly maintained by the notice referred to, if indeed that were necessary.

The averment that the sheriff was bound to tender a deed to the defendant and demand payment of the balance of the purchase money cannot be maintained. The sheriff is not bound to tender a deed before payment of the purchase money. The sale is under the direction and control of the court, and all of the interests of the purchaser are thus protected: Negley v. Stewart, 10 S. & R. 207 ; Allen v. Gault, 27 Pa. 473.

It is further alleged by way of defense that the property should have been sold at the sheriff's sale in the succeeding

month.   It appears from the pleadings that after the lapse of the ten days allowed for the payment of the balance of the purchase money there was not time in which to procure the sale at the time fixed for the August sale.   As before indicated, we are of the opinion that the parties were not bound to proceed at once by an alias writ to cause a second sale.   They might have relied on the defendant's bid and have undertaken to hold him for the whole of the purchase money.   The defendant is not in a situation to object that instead of doing this they determined to cause the property to be resold, and to hold him for the deficiency. The defendant having failed to perform, and a resale having taken place, he cannot excuse his default by the plea that he should more promptly have been released from his obligation to pay the purchase money on his bid.

In Schoening v. Leeds, 7 W. N. C. 243, there was a second sale at which a greater sum was bid than that at the first sale. The second bidder also made default.   It was there contended that the second sale terminated the liability of the first bidder. The court held, however, that the first bidder remained liable until there was a resale consummated by the payment of the purchase money, and that he was liable for the deficiency in price between his bid and that obtained at the third sale.

It is further objected that the action should have been brought in the name of the sheriff alone.   Forster v. Hayman, supra, and Tindle's Appeal, supra, are authority for the practice of introducing a use plaintiff.   The right of action, however, is in the sheriff.   The contract was with him, and he is responsible for the proper application of any amount recovered : Emley v. Drum, 36 Pa. 123; Peck v. Whitaker, supra; Connell v. Shryock, 167 Pa. 483.   It is not necessary that the name of the use plaintiff appear in the action.   A judgment in the present case would be a complete bar to another action against the defendant growing out of the same liability.   A careful examination of the elaborate affidavit of defense does not disclose any facts amounting to a defense to the plaintiff's claim.   The affidavit of defense in the case of Connell v. Webb, 175 Pa. 52, relied upon by the defendant, contained three material averments which distinguish it from the defendant's case.   There was first a denial that the purchasers refused to comply with the first purchase by them ; second, an averment of a failure by any

of the parties in interest to notify them that if they did not comply they would be held responsible for a deficiency of price of the second sale; and third, an averment that the defendants were lien creditors and entitled to any fund which might be recovered in the action for a deficiency in price. The case of Girard Life Ins. Co. v. Young, 8 Phila. 16, was one of distribution among creditors. The terms of sale are not given. There was no notice to the purchaser that he would be held liable for any deficiency in price, and the court held that in the absence of such notice and the failure of the sheriff to make any demand, there was a presumption that the sale was rescinded by consent of the parties. Neither of these cases supports the position taken by the defendant, as he admits his refusal to perform, and the receipt of notice that he would be held liable, and it is not pretended that he was a judgment creditor interested in the fund which might be realized by recovery of the deficiency. We are of the opinion therefore that a judgment should have been entered for the plaintiff on the rule. The judgment is therefore reversed and the record is remitted to the court below with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.