# Dickson, Sheriff, Appellant, *v.* McCartney.

*Sheriff—Expiration of office—Right to sue bidders at sale—Sheriff's sale—Defective title—Tender of deed.*

1. A sheriff whose term of office has expired has a right to maintain an action against a defaulting bidder at a sale held during his term of office to recover the difference between the amount of his bid and the amount realized at a subsequent sale of the property.

2. A bidder at a sheriff's sale cannot refuse to pay his bid and take the property, on the ground that the sale will convey no title. If he is entitled to relief he should apply to the court to have the sale set aside.

3. It is not necessary for the sheriff to tender a deed to the purchaser in order to hold him to his bid.

Argued Nov. 1, 1909. Appeal, No. 139, Oct. T., 1909, by defendant, from order of C. P. No. 4, Allegheny Co., Third Term, 1908, No. 818, discharging rule for judgment for want of a sufficient affidavit of defense in case of James W. Dickson, Sheriff, v. J. H. McCartney and A. O. McCartney. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Assumpsit by an ex-sheriff to recover the amount of a bid at sheriff's sale less amount secured on a resale. Before COHEN, J.

From the record it appeared that the plaintiff during his office of sheriff sold at a sheriff's sale certain land for the defendants for $1,850. It subsequently appeared that the defendant in the execution had no title. The bidders refused to pay their bid and the land was resold for $78.68, and this suit was brought for the difference.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*George H. Quaill,* for appellant.—When the purchaser fails to comply with the terms of his contract, by paying the amount of his bid, in the manner stipulated in the conditions

of sale, he is liable in an action for the amount bid, or the property may be sold again, and the purchaser at the first sale is liable for the loss arising from the diminution of price at the second sale: Negley v. Stewart, 10 S. & R. 207; Gaskell v. Morris, 7 W. & S. 32; Spang v. Schneider, 10 Pa. 193; Wright's App., 25 Pa. 373; Freeman v. Husband, 77 Pa. 389; Pepper v. Deakyne, 212 Pa. 181; Davis v. Baxter, 5 Watts, 515; Emley v. Drum, 36 Pa. 123.

If the purchaser has bid under a misapprehension of his rights or the description in the levy be incorrect, he should apply to have the sale set aside: Davis v. Baxter, 5 Watts, 515; Cooper v. Borrall, 10 Pa. 491; T. & H. Pr., sec. 1279.

The rule of caveat emptor applies in all its force, to a purchaser at a sheriff's or other judicial sale; if the defendant in the execution had no title the purchaser takes none, but he cannot object to payment of the purchase money, on the ground of defect of title: Smith v. Painter, 5 S. & R. 223; Friedly v. Scheetz, 9 S. & R. 156; Elkin v. Meredith, 2 Miles, 167; Vandever v. Baker, 13 Pa. 121; Allen v. Gault, 27 Pa. 473.

From any sales of property made by him as sheriff he alone has the right to receive the money, and is responsible for the legal appropriation of it unless it is brought by him into court for that purpose: Adams v. Adams, 4 Watts, 160; Davis v. Baxter, 5 Watts, 515; Gaskell v. Morris, 7 W. & S. 32; Forster v. Hayman, 26 Pa. 266; Freeman v. Husband, 77 Pa. 389; Smith v. Wilson, 152 Pa. 552.

A late sheriff may reacknowledge a defectively acknowledged sheriff's deed, though out of office; his successor cannot make a new deed: Adams v. Thomas, 6 Binn. 254; Woods v. Lane, 2 S. & R. 53.

*W. H. S. Thomson,* with him *Frank Thomson* and *Donaldson Brothers,* for appellees.—The plaintiff cannot maintain this action for the reason that he was not sheriff of Allegheny county when the action was commenced, his term of office having expired.

No demand for the purchase money was made by the plaintiff from defendants after their bid and before the resale or at

any other time. This resale without demand for the purchase money from defendants raises a presumption that a right to demand the same, if any existed, had been waived: Girard Life Insurance Co. v. Young, 8 Phila. 16.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

This is an appeal by plaintiff from an order discharging a rule for judgment for want of a sufficient affidavit of defense. The action was assumpsit, and was brought in the name of James W. Dickson, sheriff, to recover from the defendants who were defaulting bidders at a sheriff's sale, the difference between their bid and the amount realized at a subsequent sale of the property. The defendants question the right of a sheriff whose term of office has expired to maintain an action against a defaulting bidder, to recover the amount of his bid at a sale held by the sheriff during his term of office. In looking through our cases for light upon this point, it appears that in Emley v. Drum, 36 Pa. 123, the suit was by "Abram Drum, late sheriff of Luzerne county," to recover for the use of the plaintiff the amount of the defendant's bid at a sheriff's sale. The question of the right of the plaintiff to maintain the action after the expiration of his term does not seem to have been directly raised, but at any rate the action was sustained. In Peck v. Whitaker, 103 Pa. 297, suit was brought by "Aaron Whitaker, late sheriff of Luzerne County," against a defaulting bidder to recover the difference between his bid and the price realized at a subsequent sale of the property. The court below instructed the jury that the plaintiff was entitled to recover, and judgment in favor of the plaintiff was affirmed by this court. In the case of Fife v. Bohlen (U. S. C. Ct., W. D. Pa.) 22 Fed. Repr. 878, a suit against the defaulting purchaser was brought by a sheriff after his term of office had expired. It was there held that the suit could be maintained, Judge ACHESON in his opinion saying (p. 880): "The action was commenced more than two years after Fife's official term as sheriff expired, and this, it is claimed, is an obstacle to the maintenance of the suit. But it cannot be doubted that an ex-sheriff may sustain such action, especially in a case like the

present, where he sues for the use of lien creditors of the defendant in the execution under which he made the sale in question." There is no doubt but that the sheriff continues to be liable after the expiration of his term, for his official acts, and that he and his sureties may be sued after he is out of office: Act of March 28, 1803, 4 Sm. L. 45, sec. 4; and Act of April 3, 1860, P. L. 650, secs. 1 and 2. It would only be reasonable, therefore, that he should have the power to maintain a suit where the cause of action accrued during his term. In Adams v. Adams, 4 Watts, 160, Justice KENNEDY, in speaking of the sheriff, said: "He is considered the principal himself in such cases, as well as the real party making the contract of sale. . . . He alone has the right to receive the money arising therefrom, and is responsible for the legal appropriation of it, unless it is brought by him into court for that purpose." The responsibility thus placed upon an outgoing sheriff to receive the proceeds of a sale and distribute them according to law, would seem necessarily to carry with it the right to sue for the collection of such proceeds.

As a matter of sound principle, we have no doubt that an ex-sheriff may maintain such an action as this. The sheriff is merely the legal plaintiff, and the suit is solely for the benefit of the lien creditors entitled to the fund.

As to the second question raised by this appeal, we are equally clear. It is well settled that a bidder at a sheriff's sale cannot refuse to pay his bid and take the property, on the ground that the sale will convey no title. In the late case of Pepper v. Deakyne, 212 Pa. 181, Chief Justice MITCHELL said (p. 185): "A defaulting bidder is liable for the loss occasioned by his failure to comply with the terms of the sale, and it is equally well settled that the measure of damages is the difference of price on a resale fairly conducted upon terms not less advantageous to the purchaser than the first." In Smith v. Painter, 5 S. & R. 223, Justice DUNCAN said (p. 225): "The sale by sheriff excludes all warranty. The purchaser takes all risk. He buys on his own knowledge and judgment. Caveat emptor applies in all its force to him. If this were not the law, an execution, which is the end of the law, would only be the

commencement of a new controversy; the creditor kept at bay during a series of suits, before he could reap the fruits of his judgment and execution." In Wells v. VanDyke, 106 Pa. 111, Justice PAXSON said (p. 115): "It is no answer to say that the plaintiff bought a worthless title. That is begging the question. The execution issued upon the bond was a valid execution against the husband, and the sale thereunder passed any title there may have been in him. . . . A man who buys a worthless title at a sheriff's sale, and pays for it, or is allowed a credit on his lien, which is substantially the same thing, has no standing to repudiate the transaction subsequently."

It may be that the enforcement of the rule which requires a bidder to make good his bid at a sheriff's sale, will work hardship upon the defendants in this case. But if so, they have themselves to blame. They admit that between the time when they made the bid and the date of the resale, they learned the facts relating to the title, which caused them to reject it; yet they made no application to the court for relief. If they were misled or deceived, or had any good reason why they should not have been required to make payment of the purchase money, their remedy was to apply to the proper court to have the sale set aside. As Chief Justice MITCHELL said, in Pepper v. Deakyne, 212 Pa. 181 at p. 187, sheriff's sales "belong to the class of legal problems in which to have a fixed rule by which all parties may clearly and readily know their rights and responsibilities, is more important than the theoretical perfection of the rule itself." Nor was it necessary for the sheriff to tender the deed to the purchaser in order to hold him to his bid. In Allen v. Gault, 27 Pa. 473, Chief Justice LEWIS said (p. 479): "It is the duty of the purchaser to pay his money to the officer of the law, according to the conditions of the sale. The sheriff is not bound, like an individual, to tender a deed before he demands the money. The court will see that justice is done to the purchaser." In Hartman v. Pemberton, 24 Pa. Superior Ct. 222, a case in which the Superior Court, in an action like the present one, reversed the order of the court below, refusing judgment for want of a sufficient affidavit of defense, HENDERSON, J., said (p. 228): "The averment that the sheriff

was bound to tender a deed to the defendant and demand payment of the balance of the purchase money cannot be maintained."

There is no suggestion or pretense that the resale was not made in exact accordance with the published conditions, made known to the defendants at the time of the first sale.

The judgment is reversed, and the record is remitted to the court below, with direction to enter judgment against the defendants for want of a sufficient affidavit of defense, unless other legal or equitable cause be shown why such judgment should not be entered.