## Keely et al. v. Mitros et ux.

*Francis P. O'Keefe,* for plaintiffs.
*Harry G. Abrams,* for defendants.

MacNeille, P. J., January 23, 1947.—We are considering plaintiffs' rule taken on June 12, 1946, upon defendants William Mitros and Anna Mitros, his wife, to show cause why the court should not order the prothonotary to return the writ of fi. fa. (real estate) issued in the above-captioned proceeding on August 2, 1932, returnable the third Monday of September 1932, to Austin Meehan, present sheriff of Philadelphia County for amendment, and that the sheriff be ordered to amend the said writ to show the sale to the plaintiffs on the third Monday in September 1932 of the premises described in the writ and to delete therefrom "terms of sale not complied with"; and that the sheriff now execute a deed for said premises to plaintiffs, Bess Kirby Keely, Russell S. Keely and Girard Trust Company, trustees in the Estate of William Austin Keely, also known as William A. Keely, deceased; further, that both the prothonotary and the sheriff make notations on the books, dockets and records, in their respective offices so as to properly effectuate the provisions of the decree.

The matter was placed on the list for argument for December 16, 1946, at which time it was heard.

The question involved is whether a mortgagee who purchases at sheriff's sale on foreclosure and fails to take title or otherwise to comply with the terms of the sale, and the sheriff returns the writ marked "terms of sale not complied with", can have such return amended, the return being regular on its face?

From 1932 to 1944 plaintiffs failed to complete the terms of the sale, which led to the sheriff making his return "terms of sale not complied with". This return is neither imperfect nor irregular, and is in fact true. Under such circumstances we are without authority to order the sheriff to make a different return. Plaintiffs in their petition, and at the argument, admitted that they had never presented to the sheriff a deed for

execution. Nor did they within the time required by the terms of the sheriff's sale offer to make settlement. They argue that since they deposited $75 at the time of sheriff's sale that they had paid all the money required of them. On careful examination this is not borne out. The Act of June 1, 1933, P. L. 1141, sets forth the requirement of additional payments as follows:

"For executing and acknowledging any deed for lands and tenements, three dollars, to be paid by the purchaser when the deed is tendered.

"For registering the same, in any municipality, one dollar, in addition to the fee required by law for registration to be paid by the purchaser.

"In addition, the purchaser shall pay to the sheriff any fee of the prothonotary for the acknowledgment of the sheriff's deed, and the fee of the recorder for recording same, for which the sheriff shall account to them, respectively."

In effect in this act there is repeated the same requirements provided in the Act of July 11, 1901, P. L. 663. Thus, at the time of the sheriff's sale there was an obligation on the plaintiffs to make settlement in accordance with the sheriff's terms of sale by presenting a deed to the sheriff and making payment of the statutory fee, as well as any other necessary payments that should be properly calculated at such settlement, and to do so within 21 days of the sale.

However, plaintiffs argue that it was the duty of the sheriff to prepare his deed, execute it and acknowledge it and deliver it. We find no authority for this proposition. Whenever the question has been raised as to the sheriff's duty in this regard, the decisions have been otherwise. See Dickson v. McCartney, 226 Pa. 552, 556, where Mr. Justice Potter said:

"Nor was it necessary for the sheriff to tender the deed to the purchaser in order to hold him to his bid."

Mr. Justice Potter then quoted from Allen v. Gault, 27 Pa. 473, 479, the words of Chief Justice Lewis as follows:

" 'It is the duty of the purchaser to pay his money to the officer of the law, according to the conditions of the sale. The sheriff is not bound, like an individual, to tender a deed before he demands the money.' "

See also Hartman v. Pemberton, 24 Pa. Superior Ct. 222.

Plaintiffs further argue that it was the duty of the sheriff to give the buyer a deed duly executed and acknowledged in accordance with the Act of June 16, 1836, P. L. 755, sec. 94, 12 PS §2531. We do not so construe that section. It reads as follows:

"The officer making sale of any real estate under execution, as aforesaid, shall make return thereof, endorsed or annexed to such writ, and give the buyer a deed, duly executed and acknowledged in court, for what is sold, in the manner hitherto practiced in case of the sale of lands by sheriffs upon execution."

Now the manner hitherto practiced in such cases in Philadelphia, and we may say from time immemorial, has been for the vendee to prepare a deed and present it to the sheriff for execution, at which time he pays the necessary charge. Thus it is clear to us that plaintiffs have never complied with the terms of the sale.

However, plaintiffs seek to rely on the Act of April 21, 1846, P. L. 430, sec. 1, which section we have examined. While it offers broad relief under proper circumstances, it would not, in our opinion, include a situation such as exists in the instant case because we are not asked here to correct a return which shows an irregularity on its face. See Philadelphia Saving Fund Society v. Purcell, 24 Pa. Superior Ct. 205 (1904).

It is true that an executory contract arose when the sheriff's hammer fell, which gave to plaintiffs

herein a right to complete the terms of sale and receive the sheriff's deed. In Pa. Co., etc., to use, v. Broad St. Hospital, 354 Pa. 123 (1946), the court said (p. 128):

"When the sheriff accepted the bid, the purchaser acquired a right to a deed on complying with the terms of sale and *assumed the obligation of complying with those terms.*" (Italics supplied).

Thus, although plaintiffs assumed the obligation of complying with the terms of the sale within 21 days, there was no attempt to do so until 14 years later. In the meantime the sheriff held the matter open until about June 19, 1944, when he made the return "terms of sale not complied with". The situation in which plaintiffs find themselves is one in which they are entirely at fault and we believe we are without any authority to direct the prothonotary to return the writ to the sheriff and that we are without any authority to order the sheriff to change his return.

The rule taken by plaintiffs is in the nature of an appeal to the conscience of the chancellor, and since they have an adequate legal remedy we would not be justified in stretching our powers. Under proper practice and procedure they may, when the sheriff returns the writ "terms of sale not complied with", issue an alias writ and go to sale. In our view the original writ is dead and clears the way for this proper procedure.

Plaintiffs at the argument, as well as in the briefs, attempt to argue this case on the false ground that defendants are seeking to exercise a writ of redemption. That matter is not before us at this time, as we regard it. The matter before us is a rule to show cause why the prothonotary should not return the writ to the sheriff and to show cause why the sheriff should not be ordered to amend his return to the writ of fi. fa.

Wherefore, plaintiffs' rule is discharged.