## Prince v. Reilly

316

*Joseph L. Prince*, for plaintiff.

*Walter Phipps, Jr.*, for defendant.

KNIGHT, P. J., July 12, 1957.—The complaint avers that defendant, in his official capacity as sheriff, levied upon certain real estate, being a house and lot, situate on the north side of Queen Street, between Price and Keim Streets in the Borough of Pottstown; that on January 2, 1957, defendant exposed said premises for sale at the Court House in Norristown and sold the same to one Raymond Biddle who on January 11, 1957, assigned his right, title and interest in the purchase to the herein plaintiff.

The complaint further avers:

"7. That from the date of the seizure in execution of said premises, it thereupon became and was the duty and obligation of Defendant, as sheriff, to safely and properly secure and protect the said premises to the end that the said premises would be delivered to your Plaintiff in the same condition as they were at the time of the said sheriff sale.

"8. That disregarding his duty and obligation to safely and properly secure and protect the said premises, the said Defendant, in his capacity as sheriff, carelessly and negligently left the premises, hereinbefore mentioned, without using the safeguards or protective measures ordinarily required in protecting or caring for the same, and more particularly, carelessly and negligently failed to drain the heating equipment of the water therein, thereby causing the radiators and boiler to crack or burst and become unusable."

It is averred that it will cost $2,000 to repair the damage for the collection of which this suit is brought.

The first preliminary objections are in the nature of a rule for a more specific complaint and counsel for plaintiff admit that these objections are well founded. Defendant is entitled to know when the alleged damage occurred and also the date of the sheriff's deed to plaintiff. Defendant is likewise entitled to have the damages itemized, at least to show how many radiators were damaged and how much it would cost to have the boiler repaired.

The remaining objection is in the nature of a demurrer on the ground that the complaint fails to set forth a cause of action. Counsel for defendant contends that there was no duty on the part of the sheriff to "safely and properly secure and protect" the premises involved.

Plaintiff relies on section 6 of the Act of May 23, 1945, P. L. 870, 16 PS §11336, which reads:

"The sheriff shall be relieved from any liability for the loss, destruction, removal or damage to any goods or chattels or any injury to any real estate levied upon, seized or taken into possession by virtue of any writ, attachment, order, decree, distraint or sequestration if the person or party lodging the same with him shall refuse to advance or secure the reasonable fees, mileage charges and expenses incident to the seizure, safekeeping and proper protection of such property upon demand."

Plaintiff contends that because the above section relieves the sheriff from liability, then there must be a corresponding duty. While there may be a duty upon the sheriff to prevent any loss or destruction to the property, the duty inures to the benefit of the judgment creditor. The above quoted section reads "if the person or party lodging the same with him shall refuse . . ." This refers to the judgment creditor. In making his execution, the sheriff has no way of knowing whom the

purchaser at the sale will be, and therefore, cannot determine to whom to make a demand for expenses.

"A sheriff or constable in making a sale is a ministerial officer and he is without power to make any terms except those authorized and prescribed by law. He only sells the judgment debtor's title . . . The rule of caveat emptor is fully applicable to sales made under execution": Anderson on Sheriffs, pp. 518-19.

"Purchasers at an execution sale must look out for themselves, as the rule of caveat emptor applies . . . In the absence of fraud, the purchaser is precluded from asserting that the *property* or title thereto was defective, lack of quantity or quality, . . .": Anderson on Sheriffs, page 535.

"Bidders, therefore, must look out and take care of themselves. It is their business to examine beforehand, . . . and *caveat emptor*, . . . is certainly the rule that must govern and determine the rights and liabilities of those who become purchasers at sheriff's sales. The sheriff, in making the sale, acts merely as a ministerial officer": Carson's Sale, 6 Watts 140, 144 (1837).

" 'The sale by sheriff excludes all warranty. The purchaser takes all risk. He buys on his own knowledge and judgment. Caveat emptor applies in all its force to him' ": Dickson v. McCartney, 226 Pa. 552, 555 (1910).

The authorities are clear, therefore, that the sheriff was under no duty to protect the above property for the purchaser nor for his assignee, the herein plaintiff. The rule of caveat emptor applies to them in the absence of fraud. Therefore, the preliminary objection in the nature of a demurrer must be sustained.

And now, July 12, 1957, for the foregoing reasons, defendant's preliminary objections 1, 2, and 3 are sustained and the complaint dismissed; plaintiff to pay the costs.